## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FCC HOLDINGS, INC., *et al.*, [1] | Case No. 14-11987 (CSS) |
| Debtors. | (Jointly Administered) |
| In re: | Chapter 11 |
| FLORIDA CAREER COLLEGE, INC.,[2] | Case No. 14-_____ (CSS) |
| Debtor. | (Joint Administration Requested) |
| | **Hearing Date: To be determined.**<br>**Objection Deadline:  To be determined.** |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND APPLYING PRIOR ORDERS TO THE DEBTOR'S CASE

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

hereby move the Court (the "**Motion**") for entry of an order, substantially in the form attached

hereto as **Exhibit B**, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure

1015(b) (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

**Rules**"), directing the supplemental joint administration of the chapter 11 case of Florida Career

College, Inc. (the "**Additional Debtor**") with the administration of the previously Court-

approved joint administration of the chapter 11 cases of FCC Holdings, Inc. and its various

debtor affiliates (collectively, the "**Joint Debtors**" and, together with the Additional Debtor, the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FCC Holdings, Inc. (6928); Education Training Corporation (1478); High-Tech Institute Holdings, Inc. (4628); EduTech Acquisition Corporation (8490); and High-Tech Institute, Inc. (3099). The Debtors' business address is 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL  33334.

[2]  The Additional Debtor (as defined herein) does not have a tax identification number.  The address of the Additional Debtor is 1000 Corporate Drive, Suite 500, Fort Lauderdale, FL 33334.

"**Debtors**") and, to the extent applicable, applying any and all orders entered in the Joint Debtors' chapter 11 cases to the Additional Debtor's chapter 11 case. In support of this Motion, the Debtors respectfully state as follows:

### Status of the Case

1.  On August 25, 2014 (the "**Joint Debtor Petition Date**"), each of the Joint Debtors filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**").  The Additional Debtor filed a voluntary petition for chapter 11 protection on the date hereof (the "**Additional Debtor Petition Date**").  The Joint Debtors' cases are jointly administered pursuant to an order of this Court dated as of August 27, 2014 [Docket No. 32].

2.  The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

3.  No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not yet been appointed in these chapter 11 cases.

4.  The Court orders entered in the Joint Debtors' chapter 11 cases are as follows:

    a.  Order Authorizing Joint Administration of Chapter 11 Cases [Docket No. 32];

    b.  Order (I) Authorizing Debtors to Pay (A) Certain Prepetition Employee Obligations and (B) Prepetition Payroll Taxes, and (II) Directing Banks to Honor Prepetition Transfers [Docket No. 33];

    c.  Interim Order Authorizing the Debtors to Credit Certain Excess Funds to Students' Accounts [Docket No. 34];

    d.  Interim Order Authorizing the Debtors to Enter into Teach-Out Agreement for Certain Campuses [Docket No. 35];

    e.  Order Authorizing Debtors to (I) Maintain Existing Insurance Policies and Pay All Policy Premiums and Brokers' Fees Arising Thereunder, and (II) Continue Insurance Premium Financing Programs and Pay Insurance

Premium Financing Obligations Arising in Connection Therewith [Docket No. 36];

f.   Order Authorizing (I) the Debtors to Pay Prepetition Sales, Use, Franchise and Similar Taxes, and Regulatory Fees, and (II) Banks and Financial Institutions to Honor and Process Checks and Transfers Related Thereto [Docket No. 37];

g.   Order Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) and LBR 2002-1(f) [Docket No. 38];

h.   Interim Order Pursuant to Section 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [Docket No. 39];

i.   Agreed Interim Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 507 (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection and (III) Scheduling a Final Hearing [Docket No. 46]; and

j.   Interim Order (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks, (B) Authorizing the Continued Use of Existing Cash Management System, and (C) Waiving Certain Investment and Deposit Guidelines [Docket No. 47].

## Jurisdiction, Venue and Statutory Predicates

5.   The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.   The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## General Background

7.   Before the Petition Date, the Debtors provided educational opportunities to approximately 10,000 active students in the proprietary post-secondary education space. The Debtors provided these services on 41 campuses and employed approximately 2,000 people.

8.   Proprietary post-secondary education plays an important role in making education accessible to a variety of students that might otherwise not have the opportunity to obtain a

quality education, including low-income students who cannot afford traditional college, students who are academically unprepared for traditional college, working students, and students who are single or stay-at-home parents. Proprietary post-secondary schools generally offer flexible schedules, online course offerings, and qualified faculty that are paid to teach courses rather than to conduct research. Throughout their history, the Debtors have been successful in providing education to many students and particularly to these non-traditional students.

9. The Debtors' industry is highly-regulated, as they are subject to oversight by the U.S. Department of Education (**"DOE"**) as well as state regulatory agencies and national accrediting bodies. As proprietary post-secondary institutions, the Debtors rely on funding from the DOE pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. (**"Title IV"**). Title IV funds accounted for nearly 90% of the Debtors' revenue prior to the Petition Date.

10. As described in more detail in the First Day Declaration, prior to the Petition Date the Debtors' liquidity was severely constrained. Due to certain regulatory issues the Debtors options were limited; however after investigating potential alternatives, the Debtors entered into that certain Amended and Restated Asset Purchase Agreement (the "**Purchase Agreement**") with IEC Corporation ("**IEC**") on August 21, 2014. The Purchase Agreement contemplates a bifurcated transaction: (1) the sale of certain campuses that, due to regulatory issues, was substantially consummated pre-petition, although certain aspects of the sale (such as assumption and assignment of leases), are contemplated to be concluded post-petition and (2) a post-petition private sale of certain other campuses.

11. On August 27, 2014, the Debtors filed their *Motion of the Debtors for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the*

*Debtors Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* (the **"Sale Motion"**). In order to conclude the implementation of the transaction described in the Sale Motion, the Debtors commenced these chapter 11 cases.

12.     A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these chapter 11 cases, is more fully set forth in the *Declaration of Sean Harding in Support of the Debtors' Petitions and First-Day Relief* (the **"First Day Declaration"**),[3] filed on the Joint Debtor Petition Date and incorporated herein by reference.

### The Additional Debtor

13.     The Additional Debtor is a wholly owned subsidiary of Joint Debtor Education Training Corporation.  The Joint Debtors did not originally intend to file a petition for relief for the Additional Debtor, as the Additional Debtor is a dormant entity that has no operations or assets.  However, given that the Additional Debtor is named as a defendant in certain litigations, the Joint Debtors have determined that the Additional Debtor should file for chapter 11 relief.

### Relief Requested

14.     By this Motion, the Debtors seek the joint administration and consolidation of the Additional Debtor's chapter 11 case with the jointly administered cases of the Joint Debtors for procedural purposes only.  The Debtors also request that parties in interest be permitted and directed to use a consolidated caption indicating that the pleading relates to the jointly

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

administered bankruptcy cases of "FCC HOLDINGS, INC., *et al.*"[4]

15.    In addition, the Debtors request that any and all orders previously entered by the Court in the Joint Debtors' chapter 11 cases which are applicable to the Additional Debtor be deemed to extend and apply with equal force and effect to the chapter 11 case of the Additional Debtor.

## Basis for Relief

16.    Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

17.    Furthermore, Local Rule 1015-1 provides that the Court may order joint administration, without notice or a hearing, upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. Del. Bankr. L.R. 1015-1.

18.    As discussed previously, the Additional Debtor is a wholly owned subsidiary of Joint Debtor Education Training Corporation.  Thus, the Additional Debtor is an "affiliate" of each of the Joint Debtors, as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

19.    The Debtors' financial affairs and business operations are closely related, and the Debtors anticipate that numerous notices, applications, motions, other documents, pleadings, hearings, and orders in these cases will affect all of the Debtors.  With six (6) affiliated Debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service

---

[4] The proposed consolidated caption for all notices, applications, motions and other pleadings is set forth in the proposed form of order attached to this Motion as **Exhibit B**.

lists.  Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Debtors, the Clerk of this Court (the "**Clerk**"), creditors, and other parties-in-interest in these cases.

20.     As set forth in the *Declaration of Sean Harding In Support of Debtors' Motion for Order Approving Joint Administration of Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Applying Prior Orders to the Debtor's Case* attached hereto as **Exhibit A**, the Debtors believe that the joint administration of the Joint Debtors' and the Additional Debtor's chapter 11 case will ease the administrative burden on the Court and parties in interest.

21.     Joint administration of the Additional Debtor's chapter 11 case with the Joint Debtors' bankruptcy cases will enable the Debtors to consistently and efficiently conduct their cases, as most hearings and matters will affect all of the Debtors, their respective estates and other parties in interest.  Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

22.     Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases, and will avoid procedural problems that might arise if the Joint Debtors' cases are administered separately from the Additional Debtor's case, as well as: (a) significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; (c) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases; and (d) allow the Debtors to more efficiently administer and effectuate their chapter 11 strategy.

23.    The relief requested herein is procedural in nature only and no substantive consolidation is being sought by this Motion.    The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.    Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.    Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.    The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files.    Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

24.    This Court entered an order approving the joint administration of the Joint Debtors' bankruptcy cases for the same reasons as set forth herein.    The Debtors submit that relief is similarly warranted here to jointly administer the Additional Debtor's bankruptcy case with the Joint Debtors' chapter 11 cases.

25.    For the foregoing reasons, the Debtors respectfully request that the Court enter an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, providing for the joint administration of the Additional Debtor's and Joint Debtors' chapter 11 cases.

26.    Additionally, the Debtors request that any and all orders previously entered by the Court in the Joint Debtors' chapter 11 cases, which are applicable to the Additional Debtor, be deemed to extend and apply with equal force and effect to the chapter 11 cases of the Additional Debtor.    Requiring the Additional Debtor to administer its case separately from the Joint Debtors' cases would be unnecessarily burdensome and costly to the Debtors and their estates.

### Notice

27.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) creditors holding the forty (40) largest unsecured claims as set forth in the consolidated list filed with Debtors' petitions; (c) counsel to the Agent under the Pre-Petition Credit Agreement; (d) those parties requesting notice pursuant to Rule 2002; (e) the Office of the United States Attorney General for the District of Delaware; (f) the United States Department of Education; (g) the Internal Revenue Service; and (h) the Securities and Exchange Commission.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

28.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated: September 12, 2014                    GREENBERG TRAURIG, LLP

                                            /s/ Dennis A. Meloro
                                            Dennis A. Meloro (DE Bar No. 4435)
                                            1007 North Orange Street, Suite 1200
                                            Wilmington, Delaware 19801
                                            Telephone:  (302) 661-7000
                                            Facsimile   (302) 661-7360
                                            Email:  melorod@gtlaw.com

                                            -and-

Nancy A. Mitchell
Maria J. DiConza
Matthew L. Hinker (DE Bar No. 5348)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400
Email:  mitchelln@gtlaw.com
         diconzam@gtlaw.com

*Proposed Counsel for the Debtors and
Debtors-in-Possession*